WHITE LAKE LUMBER COMPANY, APPELLANT, v. W. G. STONE, IMPLEADED, ETC., APPELLEE.

1. **Appeal:** FINDING. The finding of a trial court upon a question of fact, upon which there is a conflict in the testimony, will not be molested unless clearly wrong. Evidence examined, and the decision of the district court, *Held*, To be supported thereby.

2. **Principal and Agent:** PRINCIPAL BOUND BY REPRESENTATIONS OF AGENT: ESTOPPEL. Where an agent was entrusted with the business of carrying on a lumber yard, with authority to sell and deliver lumber for cash or on credit as he saw proper, to collect and receive the money of his principal, file and enforce

mechanics' liens or not as he should deem best, this would constitute him, so far as third persons without notice of any limitation would be concerned, the general agent of his principal, and the principal would be bound by a representation or statement made to such third party that no lien or claim was made or would be made upon certain property, for the improvement of which lumber had been furnished by the agent for the principal, and which statement induced such third party, relying thereon, to purchase the property referred to. In such case it was *Held*, No error for the court to refuse to hear testimony to prove a want of authority upon the part of the agent to waive the right to file and assert a mechanic's lien, it being conceded that the party making the purchase had no knowledge of the absence of such authority.

3. **Mechanic's Lien.** The law does not give a mechanic's lien which can be enforced without first complying with the terms of the statute in filing the necessary account and affidavit in the office of the county clerk of the proper county. Prior to the filing of such affidavit the mechanic or purchaser of material has no such interest in the real estate as would require a relinquishment in writing under the statute of frauds.

APPEAL from the district court for Johnson county. Heard below before BROADY, J.

*S. P. Davidson,* for appellant, cited: *Matthews v. Sowle,* 12 Neb., 404. *Stoll v. Sheldon,* 13 Neb., 209. *Graul v. Strutzel,* 53 Iowa, 712.

*T. Appelget & Son,* for appellee, cited: *Layet v. Gano,* 17 Ohio, 466. 1 Parsons Contracts, 42. *Dinsmore & Co. v. Stimbert,* 12 Neb., 438.

REESE, J.

This is an action to foreclose a mechanic's lien for lumber, etc., furnished for the construction of a dwelling-house on the land of defendant Janousky. The petition of plaintiff contains the usual averments in actions of the kind, with the additional allegation that defendant Stone claims some title to the property, but which is junior and inferior

to the lien of plaintiff. Janousky failed to answer, and default was entered against him. Defendant Stone answered and alleged therein that he had purchased the land upon which the building was constructed, after the construction thereof, but that before purchasing he applied to the agent of plaintiff in charge of its business, and who had sold the lumber to Janousky, for the purpose of ascertaining whether the said plaintiff had or claimed a mechanic's lien on the property, and that he was informed by the agent that plaintiff had no lien or claim upon the premises, nor any claim against Janousky which should become a lien thereon. That relying upon the representations, statements, and promises of such agent he purchased the property. The cause was tried to the court, who found in favor of plaintiff as against defendant Janousky, and rendered judgment for the amount claimed, but in favor of defendant Stone as to the lien, and refused to order the sale of the real estate. From the decree dismissing the action as against Stone plaintiff appeals.

It appears from the record that the whole account against Janousky amounted to $310.80. Of this $160.80 had been paid, leaving a balance of $150.00 unpaid. The last item of the account was furnished November 26th, 1883. The purchase was made by Stone on the 9th day of January, 1884. The affidavit and account were filed in the office of the county clerk on the 23d of February following. Upon the trial defendant Stone testified very positively that a day or two before making the purchase, and pending the negotiations, he called upon the agent of the plaintiff at its usual place of business and enquired particularly if there were to be any claims against the land, and if Janousky owed anything for lumber, etc., and that he was informed by the agent that he had a note for the balance due but that if Stone could make the trade to do so and he would not be molested; that no lien would be claimed or asserted in case the trade was made. That as a part at least of

the consideration would be a store in Crab Orchard, where the agent and defendant Stone resided, he could get the payment out of the store, etc., and that relying on on the statements and representations thus made, he made the trade. This testimony is in part corroborated by that of B. F. Stone, who testified that the agent informed him that if the trade went on he would get his pay out of the store. The agent, J. H. Hanna, testified on rebuttal that Stone came to the office of plaintiff about the time stated by him and enquired whether there were any claims on the Janousky place, and he informed him there were not, and that there were no liens on the property; but that he further said that if the trade was made Janousky would pay him out of the money received, and that if he did not do so a lien would be filed. The witness did not remember saying that he would get the money out of the store if the trade was made.

It is insisted that the finding of the trial court is not supported by sufficient evidence, and that for that reason the decree should be reversed. Upon this feature of the case we have only to say that, in accordance with the settled rule of law in this state when the testimony is conflicting, the verdict or finding in the trial court will be sustained unless clearly wrong. We not only find sufficient evidence in this record to sustain the finding, but are of the opinion that it is supported by the preponderance of the testimony. The finding will, therefore, not be molested on that ground.

Plaintiff sought to show by the testimony of the witness Hanna, its agent, and by that of its vice-president, that Hanna had no authority to waive the taking of liens in any other method except upon payment of the lien itself. This was objected to, and upon plaintiff's counsel stating in answer to an enquiry of the judge that he did not propose or expect to prove that either Janousky or Stone had any knowledge of such fact, the objection was sustained. This is assigned as error. In this we see no error. As to the legal

proposition presented, we concede as sound substantially all that is claimed by plaintiff's counsel. That is, that an agent employed for a special purpose derives from such employment no general authority from his principal, and that such agent would not be at liberty to exercise his discretion in the choice of a mode of performing his duty if some one mode is fixed by usage or order, etc. But we think the record shows that Mr. Hanna was the general agent of plaintiff for the transaction of its business at Crab Orchard. He had authority to sell lumber, either for cash or on credit; to receive and receipt for money and to collect by suit. To make affidavits to accounts and secure mechanics' liens or not as he saw fit, and upon payment to satisfy and cancel liens which he had secured, and such other things as might be necessary to carry out these general duties.

It would be unreasonable to say that it was his special duty to secure a lien in this particular case, or to file and secure liens in all cases. The matter was and must have been left to his discretion and judgment. Now, assuming the finding of the court to be correct, that by his conduct and representations the agent induced Stone to make the purchase, relying upon the statement and promise that no lien existed and none would be claimed, this being within his apparent authority, no good reason can be found why Stone should not be protected from a lien filed a month and a half after his purchase. If, therefore, Hanna was apparently the general agent of plaintiff for the transaction of its business at Crab Orchard, entrusted with the control of its business, it is very clear that he had authority to depend upon the integrity and ability of Janousky to pay the debt in question without seeking the advantage of a mechanic's lien, and his promise to do so would bind his principal.

It is not deemed necessary to discuss the question presented involving the statute of frauds. At the time the promise was made there was no mechanic's lien to be surrendered or canceled; no estate to convey; no instru-

ments in writing necessary. Plaintiff had no lien it could enforce without a compliance with the statute. This by itsagent it agreed not to do. Rights of other parties having been acquired by reason of this agreement, plaintiff cannot now repudiate it to their damage.

The ruling of the district court being in our opinion correct, the same is affirmed.

JUDGMENT AFFIRMED.

The other judges concur.