## PALMER v. CHICAGO HERALD CO.

### SAME v. CHICAGO EVENING POST CO.

(Circuit Court, S. D. New York. October 4, 1895.)

1. SERVICE OF PROCESS—CORPORATIONS—WHERE FOUND.

An Illinois corporation, publishing a newspaper in Chicago, had continuously in New York an agent who solicited advertisements for such newspaper, and had authority to contract for the publication thereof at regular rates, the making of such contracts being a substantial part of the corporate business. Held, that the corporation impliedly assented to be found in New York, and service of summons might be made upon it there. Goldey v. Morning News, 15 Sup. Ct. 559, 156 U. S. 518, distinguished.

2. SAME—MANAGING AGENT—NEW YORK STATUTE.

Held, further, following the decision of the New York state courts, that such agent was a "managing agent," within the meaning of Code Civ. Proc. N. Y. § 432.

These were two actions for libel, brought by Tyndale Palmer against the Chicago Herald Company and the Chicago Evening News Company, corporations organized under the laws of Illinois. The actions were commenced in the supreme court of New York by service of summons, in each case, upon one Thaddeus B. Riker, as a managing agent of the respective defendants, under the provision of Code Civ. Proc. N. Y. § 432, that service may be made upon a foreign corporation, where no officer can be found, and the cause of action arose within the state, upon a managing agent. The defendant in each action appeared specially in the state court, and moved to set aside the service, on the ground that Riker was not its managing agent. This motion having been denied, and the denial affirmed by the general term of the state court, the defendants removed the cases to this court, and moved to set aside the service of the summons. The defendant in each case, in its moving papers, alleged that it had no place of business, officer, agent, or property in the state of New York, and denied that Riker was its agent or authorized to receive service of legal process in its behalf. It appeared, however, that Riker was authorized to solicit advertisements in New York for the papers published by the several defendants, to make contracts therefor at schedule rates, and to transmit applications for special rates to the home offices of the papers in Chicago; that advertisements were inserted in a trade paper describing Riker as the Eastern representative of the papers published by the defendants; and that the names of both papers were painted on the door of the office occupied by Riker.

Wager Swayne, for the motion.
James R. Soley, opposed.

LACOMBE, Circuit Judge. The case principally relied upon— Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559—decides that service upon an officer or agent of a foreign corporation, who is only casually within the state, and not charged with any business of the corporation there, does not bind the corporation when it is not doing business within the state. Where, however, such foreign corporation carries on some substantial part of its business in the state by means of an agent or representative appointed to act there, it impliedly assents to be found there. It is sometimes not easy to determine what acts constitute a "carrying on business" within the meaning of the authorities. In U. S. v. American Bell Tel. Co., 29 Fed. 17, and N. K. Fairbank & Co. v. Cincinnati, N. O. & T. P. Ry. Co., 4 C. C. A. 403, 54 Fed. 420, there will be found careful discussions of the principles which underlie the rule. In the case at bar it appears that the defendant in each suit has continuously in this state an agent, who solicits advertisements for defendant's paper, and who has authority to contract on behalf of defendant with persons offering advertisements to publish the same in the paper at its regular schedule rates. The making of such contracts is a substantial part of the corporate business, and it may fairly be held that the defendant does business within this state.

The question whether or not, upon the facts now before this court, the agent who makes these contracts is to be held a "managing agent" of the defendant within the meaning of the state statute as to service upon foreign corporations, has been decided adversely to defendant by the general term of the state supreme court. There seems no good reason for giving a different construction to the state statute from that given by the courts of the state in a case where the foreign corporation, by doing business within the state, has impliedly assented to the state regulation as to service of process. The motion to set aside service of the summons is denied.