ORD HARDWARE COMPANY, APPELLANT, V. J. I. CASE THRESHING MACHINE COMPANY, APPELLEE.

FILED DECEMBER 21, 1906.   No. 14,424.

1. Foreign Corporations, Actions Against: PROCESS. Under the provisions of sections 73, 75 of the code, a citizen of this state, who has a cause of action against a foreign corporation growing out of business transactions in this state, may have recourse to the courts of this state by the service of process upon the managing agent of such corporation.

2. ———: MANAGING AGENT. An agent of a foreign corporation, whose contract of agency demands of him the exercise of judgment in

the business matters of his principal, and who has charge of the business of his principal in the territory covered by his contract, is a managing agent within the meaning of sections 73, 75 of the code, providing for the service of summons upon the managing agent of a foreign corporation.

APPEAL from the district court for Valley county: JAMES R. HANNA, JUDGE. *Reversed.*

*A. M. Robbins,* for appellant.

*O. A. Abbott* and *H. E. Oleson, contra.*

EPPERSON, C.

Plaintiff sued defendant, a Wisconsin corporation, in the district court for Valley county to recover commissions alleged to be due plaintiff, as a former agent of defendant, for the sale of a threshing machine. Summons was issued, and the sheriff's return thereon shows service upon the defendant in Valley county "by delivering to Cornell Brothers, the managing agents of the defendant corporation, a true and certified copy of the summons, the chief officer of the defendant not being found in the county." The defendant filed an answer, and alleged as its first defense that Cornell Brothers were not the defendant's managing agents, and asked the judgment of the court whether it ought to be required to further answer or defend in this suit. The parties stipulated that the matters arising under the plea to the jurisdiction should be tried and determined before trial upon the merits. Upon the trial of this jurisdictional question, the court found that Cornell Brothers were not the managing agents of the defendant, and that the court had not acquired jurisdiction over the defendant. From a judgment of dismissal, the plaintiff appeals to this court.

Section 73 of the code provides: "A summons against a corporation may be served upon the president, mayor, chairman of the board of directors or trustees, or other chief officer; or, if its chief officer is not found in the

county, upon its cashier, treasurer, secretary, clerk, or managing agent; or, if none of the aforesaid officers can be found, by a copy left at the office or last usual place of business of such corporation." This section applies to foreign as well as domestic corporations. *Fremont, E. & M. V. R. Co. v. New York, C. & St. L. R. Co.,* 66 Neb. 159.

Section 75 of the code provides: "When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent." If Cornell Brothers were the managing agents of the defendant within the meaning of either of the statutes above quoted, service upon them was sufficient, and the judgment of the trial court wrong.

The contract of agency between defendant and Cornell Brothers was introduced in evidence. It contains a statement that the agency thereby created was special, and not general. However, the provisions of the contract fixing the authority of Cornell Brothers as agents should govern, rather than this general statement. By the contract defendant appointed Cornell Brothers agents for the sale of its machinery and repairs in the city of Ord, Nebraska. It provided that such agents should diligently canvass for purchasers, and in all reasonable and proper ways to promote the trade and interest of the company, to sell only for cash, or to responsible purchasers who have given ample security for time payments. Such agents were required to satisfy themselves that all notes are signed by responsible men of known credit and good reputation for paying debts, were prohibited from representing any other company engaged in the same business as that of the defendant, were to store and care for and to insure the property of the defendant, to set up and start machinery sold, and to properly remedy all complaints as far as possible without calling upon the company for help, and to keep the company's account separate and apart from other accounts. The evidence shows that Cornell Brothers had the possession of one threshing machine belonging to the

defendant and exhibited it for advertising purposes, and that they carried a stock of repairs belonging to defendant. Defendant had no business in Ord other than that conducted through these agents.

It was evidently the intention of the legislature that a citizen of this state, who has a cause of action growing out of business with a foreign corporation through an agent in this state, should have recourse to the courts of this state, and not be required to carry their grievances to the courts of another state or country. In *Chicago, B. & Q. R. Co. v. Manning*, 23 Neb. 552, it is said:

"It is the policy of our law to afford redress through our courts to any person aggrieved, whether a natural person or a corporation, and to apply the remedy, as far as possible, at the place where the injury was sustained. If a foreign corporation has an office for business in this state, for the transaction of business, seeking thereby to promote its own interests, such office will also be its place of business where a summons may be served upon it, and a party aggrieved will not be required to go into another jurisdiction to enforce his rights against it. It must take the burden with the benefit."

In view of our statute (sections 73, 75, *supra*), all foreign corporations bringing their business into this state must be held to do so with the understanding that they will be subjected to the jurisdiction of our court by service upon their managing agents in actions brought by citizens of this state upon causes growing out of the business done here. Agents are employed in all kinds of business, and are given authority to represent their principals in such numerous and various matters that it is difficult to find a definition which would apply to any case which may arise. The authorities, we think, are unanimous that a mere sales agent, or one having authority to make sales of the products of his principal, with no additional privileges or duties, is not a general agent, nor one who holds a mere subordinate position, that is, acting under the immediate direction of his principal, without

being required to rely upon his own judgment and discretion in the affairs of his principal. In *Porter v. Chicago & N. W. R. Co.,* 1 Neb. 15, it was held that "an agent invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent." The summons in that case was served upon an agent of a foreign corporation, whose duties were to visit occasionally for a few hours the ticket and freight office of the company in this state and confer, when necessary, with its agent. In *White Lake Lumber Co. v. Stone,* 19 Neb. 402, it was held that, "where an agent was entrusted with the business of carrying on a lumber yard, with authority to sell and deliver lumber for cash or on credit as he saw proper, to collect and receive the money of his principal, file and enforce mechanics' liens or not as he should deem best," this was considered sufficient to constitute him a general agent. The authority of the agent there in controversy is very similar to that of the agent upon whom summons was served in the case at bar. The court said in *Fremont, E. & M. V. R. Co. v. New York, C. & St. L. R. Co.,* 66 Neb. 159: "A manager of an agency established in this state by a foreign railroad corporation for the purpose of soliciting traffic over its line of road, is a managing agent within the meaning of the statute with reference to the service of summons upon such corporation." The company whose agency was under consideration in that case had no line of road in this state, and the statutes governing the service of summons upon such companies is the same, so far as managing agents are concerned, as in the case of any foreign corporation. The rule there announced, in our opinion, is applicable to any foreign corporation. In *Persons v. Buffalo City Mills,* 51 N. Y. Supp. 645, it was held: "A managing agent must be some person vested by the corporation with general powers involving the exercise of judgment and discretion, as distinguished from an ordinary agent or attorney, who acts in an inferior capacity, and under the direction and control of superior authority, both in re-

gard to the extent of his duty, and the manner of executing it." In *Palmer v. Chicago Herald Co.*, 70 Fed. 886, it is said: "An Illinois corporation, publishing a newspaper in Chicago, had continuously in New York an agent who solicited advertisements for such newspaper and had authority to contract for the publication thereof at regular rates, * * * such agent was a 'managing agent' within the meaning of Code Civ. Proc. N. Y., sec. 432," providing that service may be had under certain circumstances on the managing agent of a foreign corporation. It was held in *Brown v. Chicago, M. & St. P. R. Co.*, 12 N. Dak. 61: "An agent who is invested with the general conduct and control, at a particular place, of the business of a corporation, is a managing agent within the meaning of the code, which authorizes service of summons on a managing agent of a foreign corporation." To the same effect are *United States v. American Bell T. Co.*, 29 Fed. 17; *Hat-Sweat Mfg. Co. v. Davis Sewing Machine Co.*, 31 Fed. 294; *Great West Mining Co. v. Woodmas*, 12 Colo. 46, 20 Pac. 771; *Foster v. Charles Betcher Lumber Co.*, 5 S. Dak. 57, 58 N. W. 9.

On the other hand, there are cases holding that a managing agent is one who has full and complete authority in all branches of the corporation's business. For instance, in Wisconsin the following appears to be the rule: "The managing agent of a corporation is an agent having a general supervision over the affairs of the corporation, and must be an officer of the corporation; and hence a person who is only managing agent in a county, state, or other defined district is not a 'managing agent of a corporation,' having supervision over all its affairs, since the term implies a general supervision of the affairs of the corporation in all its departments, perhaps to a greater extent than is implied by any other single officer, so called, as a president, cashier, secretary, or treasurer. It is usually understood to designate the person who has the most general control over the affairs of the corporation, and who has knowledge of all of its business and property,

and who can act in emergencies on his own responsibility. *Upper Mississippi Transp. Co. v. Whittaker*, 16 Wis. *220; *Farmers Loan & Trust Co. v. Warring*, 20 Wis. *290; *Wheeler & Wilson Mfg. Co. v. Lawson*, 15 N. W. 398, 400, 57 Wis. 400." 5 Words & Phrases, 4321.

After a careful consideration of the authorities, including the decisions of this court, *supra*, we are convinced that the weight of authority and the better rule is to the effect that an agent of a foreign corporation, whose contract of agency demands of him the exercise of judgment in the business affairs of his principal, and who has charge of all of the business of his principal in the territory covered by his contract, is a managing agent within the meaning of the statutes above quoted.

In applying that rule to this case, we have not lost sight of the fact that defendant herein had an agent in this state, with headquarters in Lincoln, who may or may not be a managing agent. The function of the Lincoln agency seems to be to make contracts with other agents throughout the state, such as the contract here in evidence, and, further, to collect the notes of the company, and to distribute the machinery of the company to the different agencies. The so-called state agent did not supervise the Ord agency nor control their conduct. Cornell Brothers derived their authority from the contract alone, and conducted themselves according to its provisions; and by its terms, and their conduct in pursuance thereof, the nature of the agency must be determined. It was not intended by sections 73, 75, *supra*, that such agent should be the only managing agent in the state; but, if the management of the foreign corporation's business in the district or sphere of the activity for which the agency was created is general in its nature, summons may be served upon such managing agent. Cornell Brothers were not mere subordinates. It is true they were required to take only cash or amply secured notes from purchasers; but it is not shown that any other agent or officer of the company had greater authority, nor is it shown that any other agent

or officer managed the business at Ord. The maintaining of the agency was but a part of an extensive system which the defendant had in furthering its own interests. The contract introduced in evidence confers upon the agent the duty of promoting the trade and interests of the company, and to see that customers, to whom credit was extended, are responsible parties, and, in case of complaint, to remedy the same as far as possible without calling upon the company for help. This demanded of the agents the exercise of their own judgment in business matters, and thereby to direct and control, or, in other words, to manage, the defendant's affairs. Cornell Brothers, and none other, managed the business at Ord.

We therefore recommend that the judgment of the district court be reversed and the cause remanded.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.