### SWARTS v. CHRISTIE GRAIN & STOCK CO.

(Circuit Court, W. D. Missouri, W. D.    January 9, 1909.)

No. 3,347.

1. COURTS (§ 366*) — FEDERAL COURTS — STATE LAWS AS RULES OF DECISION— SERVICE OF PROCESS.

The decision of the Supreme Court of Nebraska that Code Civ. Proc. Neb. § 75, relating to the service of process on corporations, applies to both foreign and domestic corporations, is binding on the federal courts if the service obtained in pursuance thereof constituted due process of law.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 957; Dec. Dig. § 366.*

State laws as rules of decision in federal courts, see notes to Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.]

2. JUDGMENT (§ 17*)—PROCESS TO SUSTAIN JUDGMENT—DETERMINATION OF SUFFICIENCY.

Where the judgment roll contains the sheriff's return of service of process, such return, and not a recital of due service in the judgment, will

control in determining whether the court acquired jurisdiction to sustain the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 25; Dec. Dig. § 17.*]

3. CORPORATIONS (§ 665*)—FOREIGN CORPORATIONS—ACTIONS.

At common law, a state court cannot by any method acquire jurisdiction to render a personal judgment against a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2599; Dec. Dig. § 665.*]

4. CORPORATIONS (§ 669*)—FOREIGN CORPORATIONS—PROCESS—APPEARANCE.

A corporation of one state may be required to appear personally, or to respond to such method of service of process as another state may require as a condition of its right to do business in the latter, so long as the method prescribed constitutes due process of law.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2641; Dec. Dig. § 669.*

Service of process on foreign corporations, see notes to Eldred v. American Palace Car Co., 45 C. C. A. 3; Cella Commission Co. v. Bohlinger, 78 C. C. A. 473.]

5. CORPORATIONS (§ 668*)—FOREIGN CORPORATIONS—PROCESS.

The requirements of a state law as to service of process must be followed strictly to give jurisdiction to render a personal judgment against a foreign corporation.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2620; Dec. Dig. § 668.*]

6. CORPORATIONS (§ 668*) — FOREIGN CORPORATIONS — PROCESS — "MANAGING AGENT"—"GENERAL AGENT."

Code Civ. Proc. Neb. § 73, provides that, when a defendant is a foreign corporation having a managing agent in the state, personal service of process may be had on such agent. Section 75 authorizes service on the managing agent of any corporation if certain officers are not found in the county. *Held*, that a return of service on a "general agent" of a foreign corporation does not show a compliance with either section; a "managing agent" being one who manages or controls the corporate business in the state, and "general agent" not being an equivalent term.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2611; Dec. Dig. § 668.*

For other definitions, see Words and Phrases, vol. 4, pp. 3048–3051; vol. 5, pp. 4320–4323.]

7. CORPORATIONS (§ 668*) — FOREIGN CORPORATIONS — PROCESS — "MANAGING AGENT."

One who succeeded to the business of a firm, and in its name corresponded and maintained business relations with a foreign corporation without its ever having heard of him, he renting and maintaining his own office, and merely transferring to the corporation bucket-shop business which he was unwilling or unable to handle, was not its managing agent, within Code Civ. Proc. Neb. §§ 73, 75, authorizing service of process on such an agent.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2611; Dec. Dig. § 668.*]

Smythe & Smith and G. W. Stubbs, for plaintiff.
Harkless, Crysler & Histed, for defendant.

POLLOCK, District Judge. This action was brought by plaintiff against defendant, a Missouri corporation, to recover a second judgment on a judgment rendered in favor of plaintiff and against defend-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ant by the consideration of the district court of the Fourth judicial district of the state of Nebraska, sitting in and for the county of Douglas in that state. The defense made to this action is that the state court of Nebraska rendering the judgment had no jurisdiction of the person of the defendant, therefore the judgment forming the basis of this action is void and of no force or effect. A jury was waived to try the issues joined, and the case is now before the court for decision on the facts, oral arguments, and briefs of counsel.

The first contention made by defendant is that the return of the sheriff making the service of the summons on defendant in the action pending in the Nebraska court, as shown by the judgment roll, does not comply with the requirements of the statutory provisions of Nebraska for the bringing personally before a court of that state a foreign corporation, such as defendant. Therefore, it is contended, the judgment is void. Section 75 of the Code of Civil Procedure of Nebraska provides for personal service on a nonresident corporation having a managing agent within that state, as follows:

"When the defendant is a foreign corporation, having a managing agent in this state, the service may be upon such agent."

Section 73 of the Code of that state contains the general provision for acquiring jurisdiction over all corporations, domestic or foreign, as follows:

"A summons against a corporation may be served upon the president, mayor, chairman of the board of directors, or trustees, or other chief officer, or if its chief officer is not found in the county, upon its cashier, treasurer, secretary, clerk or managing agent, or if none of the aforesaid officers can be found, by a copy left at the office or last usual place of business of such corporation."

The Supreme Court of that state has held this act to apply to both foreign and domestic corporations. Fremont, E. & M. V. R. R. Co. v. N. Y. C. & St. L. Ry. Co., 66 Neb. 159, 92 N. W. 131, 59 L. R. A. 939; Ord Hardware Co. v. J. I. Case Threshing Machine Co., 77 Neb. 847, 110 N. W. 551, 8 L. R. A. (N. S.) 770. The construction placed on this statute by the highest judicial tribunal of the state is binding on the federal courts if the service obtained in pursuance of the act constitutes due process of law, or, in other words, does not violate the federal Constitution. Waters-Pierce Oil Co. v. Texas, 177 U. S. 28, 20 Sup. Ct. 518, 44 L. Ed. 657.

The return of the sheriff on the summons, as found in the judgment roll, reads as follows:

"Received this writ the 6th day of April, 1907, and served the same on the 8th day of April, 1907, on the within named Christie Grain & Stock Company, a corporation, by delivering to Frank E. Gilliland, general agent of said corporation, personally, in Douglas county, Nebraska, a true and duly certified copy of this writ with all the indorsements thereon. No president, vice president, treasurer or other chief officer of said corporation being found in Douglas county, state of Nebraska.                J. W. McDonald, Sheriff.
                                         "Henry Petersen, Deputy."

The question of the jurisdiction of the state court of Nebraska over the person of the defendant to render the judgment here sought to be enforced must be determined by a comparison of the statutes above

quoted with the act performed by the officer of the state court making the service as recited in his return found in the judgment roll. For, although the recital in the judgment of due service as it there appears would be conclusive on this court in the absence of a showing in the judgment roll itself as to the exact nature of the service made, yet it is quite well established, where the precise nature of the act performed by the officer in making the service is set forth in the judgment roll itself, then the requirements of the law authorizing the service to be made must control, and not the finding of the court rendering the judgment.

A few general observations may tend to elucidate the question here presented as to the validity of the service attacked. At the common law there was no possible method by which the state court of Nebraska could have obtained jurisdiction over the person of the defendant corporation to render the personal judgment here relied upon by plaintiff against it. St. Clair v. Cox, 106 U. S. 355, 1 Sup. Ct. 354, 27 L. Ed. 222; Strain v. Chicago Portrait Co. (C. C.) 126 Fed. 831. When, however, a corporate citizen of one state of the Union goes into another state for the purpose of there transacting the business of the corporation through its officers, agents, employés, and servants there located, it may be required to appear personally before the courts of such state on any terms required by such state to which it has assented as a condition precedent to the right to engage in its corporate business within such state, or it may be required to respond personally to such method of service as the Legislature of such state may in its wisdom provide, so long as the method prescribed by the Legislature constitutes due process of law. Carpenter v. Willard Case Lumber Co. (C. C.) 158 Fed. 697. Therefore, as at the common law there was no method by which a corporation of one state may be compelled to respond personally in the courts of a foreign state, yet as such foreign corporation may by legislative act be required to come personally before the courts of any state, outside of that of its incorporation, into which it entered for the purpose of transacting its corporate business through officers or agents there located, on such terms and conditions as the Legislature may prescribe, so long as such method constitutes due process of law, it follows, of necessity, the precise method adopted by the lawmaking power must be followed or no valid personal service is made and no jurisdiction is obtained. And, as the court possesses no inherent jurisdiction over such persons, all have the right to rely on the law as enacted being followed before any one as defendant is bound or concluded by a personal judgment rendered against him. That is to say, where the Legislature has the power to say the service of process on one or more of the many different officers and agents of a foreign corporation shall bind the corporation to respond personally to such action, but has named one only of such officers or agents, it is clear by service made on any other, no matter how high his representative standing or how great his authority in the corporation may be, the corporation is not bound thereby, because there are no provisions of law authorizing it. Tested by these general principles, and comparing the return of the officer making the service, as shown in the judgment roll, in this case, with the legislative acts

above quoted, is the defendant bound by the judgment here sought to be enforced against it? The service here relied upon, as shown by the return of the officer, was "by delivering to Frank E. Gilliland, general agent of the corporation, a true and duly certified copy of the writ," within the jurisdiction of the court. The power of the Legislature of Nebraska to prescribe such service as was made in this case, if the return is true in point of fact, should bind the defendant to answer personally, I have no doubt, if the defendant corporation was engaged in the transacting of business in that state and the person served was there transacting business as a representative of the defendant company. The question here presented is, does the law so provide? If the return as made falls within the provisions of either section above quoted authorizing service to be made on a foreign corporation, it does. In so far as section 75 of the Code above quoted is concerned, it would seem from its language to have been the intent of the legislative mind to provide a method of service not on foreign corporations generally, but on that particular class of such corporations having a managing agent in the state, and this, I assume, in recognition of the well-settled rule that, before a foreign corporation becomes amenable to process issued from the courts of another state, it must either agree to be bound thereby as a condition precedent to its right to transact business in such state, or must enter such other state and there engage in its corporate business with some agent in control to manage such business. Peterson v. Chicago, Rock Island & Pac. Ry., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. Ed. 841; Green v. Chicago, Burlington & Quincy Ry., 205 U. S. 530, 27 Sup. Ct. 595, 51 L. Ed. 916; St. Clair Co. v. Cox, supra.

In the present case, however, there is nothing in the return of the officer which either shows or tends to show defendant company was transacting any business in the state of Nebraska, or had any person or agent there present pretending to manage or control any of its business. Indeed, it is not shown by such return that it is a corporation foreign to that state at all. On the contrary, the return of the officer making the service would be strictly true in point of fact if the defendant company has a general agent of its business in the state of Missouri who chanced to be passing through Douglas county, Neb., at the time, although it did not transact and never had transacted business in that state.

Again, from the language of the return, "No president, vice-president, treasurer or other chief officer of said corporation being found in Douglas county, state of Nebraska," it would seem it was not the purpose of the officer to bring his act of service within the provisions of section 75 of the Code, but within the requirement of section 73, as quoted. By reference to that section it will be seen here again the law-making power of the state, in recognition of the well-settled rule above alluded to, has not attempted to authorize service of process upon any or all agents of a foreign corporation coming within the jurisdiction of the court, for this it could not lawfully do, but, instead, it authorized service to be made upon a particular class, "managing agents" alone; that is to say, such agents of a foreign corporation as control or manage its corporate business transacted or conducted in the state.

For these reasons I am inclined to the opinion the service made, as shown by the judgment roll, was not sufficient in and of itself to confer jurisdiction on the state court to render the judgment on which this action is based; therefore judgment in this case must go for the defendant. This construction of the statutory law above quoted seems to be in harmony with the doctrine announced by the Supreme Court in Earle v. McVeigh, 91 U. S. 508, 23 L. Ed. 398, and other well-considered cases, notably Madison County Bank v. Suman, 79 Mo. 527.

However, on the trial of this case, being in doubt as to the question of law above ruled, I permitted the evidence to be taken bearing on the relation sustained by the person served with process to the defendant company at the time the service was made. At the trial I was inclined to doubt the admissibility of this testimony for the purpose of showing the person served as general agent stood in the relation of managing agent to the defendant company, being rather of the opinion the plaintiff must stand on the record made in that court. Madison County Bank v. Suman, supra. However, if such evidence should be deemed admissible for the purpose for which it was offered, I do not think the facts adduced therefrom tend to sustain the jurisdiction of the state court in Nebraska. These facts, briefly summarized, are as follows:

The defendant company had no notice or knowledge of the pendency of the action in the Nebraska court against it until after judgment rendered. It had neither notice nor knowledge, until after the rendition of that judgment, of the existence of the person on whom the process was served. The person served was under no obligation to and did not report the fact of the service made on him to defendant. The facts are, defendant was doing a bucket-shop business in Kansas City, Mo. In the past it had business relations with a partnership firm engaged in the bucket-shop business in Omaha, Neb. That partnership was composed of one Moe and one Fisher, and the business transacted between the defendant company and Moe & Fisher was done in pursuance of a written contract between them. Gilliland was in the employ of Moe & Fisher. That firm dissolved and ceased business entirely before the transaction which gave rise to the controversy between plaintiff and defendant took place. While doing business in Omaha, the firm composed of Moe & Fisher transacted business with the defendant in the style of M. & F. After the firm had ceased business, Gilliland took it up on his own account and continued to correspond with defendant company in the style of M. & F. As testified by him, when he was offered a trade by a customer he could not or did not desire to carry himself, he placed it with others, generally with the defendant company—what he called "hedging" the trade. Most of his correspondence, although not all, was with defendant and over its private wire. He charged commissions which he retained himself. He remitted profits and margins on trades carried by defendant company to it in the name of M. & F. He rented and kept his own office, and paid the expenses of the same.

While the facts here presented in some respects are similar to those found in the case of Board of Trade v. Hammond Elevator Co., 198 U. S. 424, 25 Sup. Ct. 740, 49 L. Ed. 1111, cited and relied on by coun-

sel for plaintiff in this case, yet, under all the evidence adduced, I am not inclined to the opinion that Gilliland, of whose existence the defendant company did not know until after judgment rendered, stood in such representative capacity to the defendant company as that of "managing agent," as is required by the Nebraska statutes to authorize personal service thereon to bind defendant. And again, the Illinois statutes under which the case last mentioned arose and was decided are quite different from those of the state of Nebraska involved herein, as will be seen from a reading of the case. It follows, judgment must go for the defendant.

It is so ordered.