Russell A. BONNOT and John C. Kiesel, Appellants,

v.

FREEMAN CHEMICAL CORPORA-
TION, a Corporation, Appellee.

No. 17608.

United States Court of Appeals
Eighth Circuit.

March 31, 1965.

---

William L. Mason, Jr., St. Louis, Mo., made argument for appellants and filed brief with Charles T. Herrmann of Koenig, Dietz & Siebels, St. Louis, Mo.

Eugene K. Buckley of Evans & Dixon, St. Louis, Mo., made argument for appellee and filed brief with John P. Fons of Evans & Dixon, St. Louis, Mo.

Before VAN OOSTERHOUT and MEHAFFEY, Circuit Judges, and DAVIES, District Judge.

VAN OOSTERHOUT, Circuit Judge.

Plaintiffs, in these two cases consolidated for trial, have appealed from order of the District Court quashing service purportedly made in each case upon the defendant Freeman Chemical Corporation, a foreign corporation incorporated under the laws of Delaware with its principal place of business at Port Washington, Wisconsin. The trial court having made the requisite certification in its order, this court on March 2, 1964, granted plaintiffs' applications made under 28 U.S.C.A. § 1292(b) for permission to appeal from the trial court's interlocutory order quashing the service. A timely appeal has been perfected.

The defendant filed identical motions to quash service in each case, including therein the grounds herein discussed. The basic issue presented by this appeal is the construction and validity of § 351.630 R.S.Mo. 1959, V.A.M.S. as amended Laws 1961, pp. 257–58.[1]

These cases, identical in form and substance, were commenced in the Circuit Court of Franklin County, Missouri, and were removed to the federal district court. Jurisdiction, based upon diversity of citizenship and the requisite amount, is established.

The complaints each allege negligence of the defendant in failing to warn plaintiff of alleged toxic and poisonous nature of chemicals manufactured and sold by defendant to plaintiff and negligently mislabeling containers of such chemicals, thus proximately causing serious damage to plaintiffs, who were residents of Missouri. Plaintiffs alleged that defendant thereby committed a tort in Missouri.

1. Section 351.630(1) relates to foreign corporations authorized to transact business in Missouri. Subsections (2) and (3) here pertinent read:

"2. If a foreign corporation commits a tort, excepting libel and slander, in whole or in part in Missouri against a resident or nonresident of Missouri, such acts shall be deemed to be doing business in Missouri by the foreign corporation and shall be deemed equivalent to the appointment by the foreign corporation of the secretary of state of Missouri and his successors to be its agent and representative to accept service of any process in any actions or proceedings against the foreign corporation arising from or growing out of the tort. Service on the secretary of state of any such process shall be made by delivering to and leaving with him or with any clerk having charge of the corporation department of his office, duplicate copies of the process. The committing of the tort shall be deemed to be the agreement of the foreign corporation that any process against it which is so served upon the secretary of state shall be of the same legal force and effect as if served personally within the state of Missouri.

"3. In the event that any process, notice, or demand is served on the secretary of state, he shall immediately cause a copy thereof to be forwarded by registered mail, return receipt requested, addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state."

The defendant has never sought nor obtained authority to do business in Missouri as a foreign corporation. The Secretary of State has certified that there are no corporate records on file in his office relating to defendant. Defendant's uncontradicted affidavits show that it has no office, agents, employees or officers in Missouri; that its sales in Missouri are made upon the basis of orders accepted at its home office and shipments are made in interstate commerce direct to customers in Missouri.

Plaintiffs caused summons, with copy of petition attached, to be served upon defendant by serving the Secretary of State of Missouri, who in turn forwarded written notice of such suits with copies of summons and petitions to defendant at its principal place of business in Port Washington, Wisconsin, by registered, restricted mail with return receipt requested. The defendant received such papers.

The service herein attempted was made pursuant to § 351.630(2) and (3) set out in footnote 1. The trial court based its order quashing service upon the following reasoning:

"The requirements of State law as to service of process must be strictly complied with to give jurisdiction to render personal judgment against a foreign corporation. Swarts v. Christie Grain and Stock Company [C.C.], 166 F. 338. The Statute requires the Secretary of State to forward a copy of any process 'To the Secretary of such [foreign] corporation at its principal office as the same appears in the records of the Secretary of State.' The certificate of Warren E. Hearnes, Secretary of State, states that there are no records in his office, care and custody under provisions of Missouri law concerning Freeman Chemical Corporation. Therefore, strict compliance with the Statute under subsection 3 was impossible."

Plaintiffs contend that since their petitions contain an allegation that defendant's principal office is at Port Washing-

ton, Wisconsin, and such petitions were filed with the Secretary of State pursuant to the service statute, the petitions became part of the Secretary's records within the meaning of the words of § 351.630(3), reading: "addressed to the secretary of such corporation at its principal office as the same appears in the records of the secretary of state." Additionally, plaintiffs rely on an asserted presumption that the Secretary of State acted lawfully, urging that the Secretary would not have forwarded the process unless the principal place of business of the corporation appeared upon his records and that this is supported by the fact that the Secretary used the proper address and that process was received by the defendant.

At the time the trial court decided this case there were no Missouri decisions interpreting § 351.630 in respects here material. The case of State of Missouri ex rel. M. Pressner & Co. et al. v. Scott, Judge, 387 S.W.2d 539, decided by the Missouri Supreme Court en banc, March 8, 1965, shows beyond question that the trial court properly interpreted and applied Missouri law in quashing the service. The Scott case is factually indistinguishable from our present case and deals with the identical issue we are here considering. The Supreme Court, in rejecting substantially the same contentions made here by the plaintiffs, states:

"Respondent seeks to uphold the service and the statute upon the theory that the statute requires no particular type of record of the address of such principal office, that an address furnished by plaintiff's counsel by endorsement on the petition becomes a 'record' which the Secretary of State is required to keep, that the official thus complied with the requirements of a valid statute, and that the notices, having actually been received, were sufficient to answer all legal requirements. We cannot construe so loosely the term 'addressed to the secretary of such corporation at its principal office as the same appears in the records of the

secretary of state.' The term 'records' of the Secretary of State has, over the years, come to acquire a rather definite and fixed meaning; we construe the term to mean those records which are made, filed or deposited there pursuant to some law, usually a statute. The kinds of 'records' which the Secretary of State receives and keeps concerning foreign corporations are illustrated by § 351.580; that information is furnished by the corporation itself, in order to procure a certificate of authority. There was and is no provision of § 351.630 requiring or directing the present plaintiff or his counsel to furnish these addresses to the Secretary of State. The act was gratuitous and it was not done pursuant to the statute. The Secretary of State cannot conceivably have any 'records' of an unlicensed, foreign corporation. * * * "

The Missouri Court, citing supporting authorities, observes that statutes extending jurisdiction over nonresidents must be strictly construed and that a statute must by its terms provide for a means of notice which makes it reasonably probable that a nonresident will receive actual notice, and then states:

"We hold that § 351.630 does fail to provide, within itself, a method which would assure a reasonable probability of actual notice to the defendant and for that reason fails to meet the requirements of due process. * * *

"The primary and obvious reason for holding the service here to be invalid is simply that the statute provided for an impossible means of notice, there being no 'records' of unlicensed corporations in the Secretary of State's Office, and it provided no other method of notice. There could be, and was, no compliance with the statute."

The District Court properly quashed the service here attempted upon the ground that where, as here, there are no corporate records on file with the Secretary of State disclosing a corporation's principal place of business, § 351.630 provides for an impossible means of service and hence there can be no compliance with the statute. Like the Missouri court in Scott, we do not reach the constitutional attack made upon § 351.630.

The judgment is affirmed.