[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO DISMISS
This is a breach of contract action brought by the plaintiff against Health Resources of Groton, Inc. d/b/a Groton Nursing 
Retirement Center. The defendant is a Delaware corporation. A motion to dismiss has been filed by the defendant corporation asserting lack of jurisdiction because of inadequate service of process. Pursuant to § 52-57 (c) of the general statutes, service may be made upon "the president, the vice-president, the secretary, the assistant secretary, the treasurer, the assistant treasurer, the cashier, the assistant cashier, the teller of the CT Page 9080 assistant teller or its general managing agent or manager or upon any director resident in this state or the person in charge of the business of the corporation or upon any person who is at the time of the service in charge of the office of the corporation in the town in which its principal office or place of business is located." or service may be made "upon the agent of the corporation appointed pursuant to section 33-922."
If service is not made as authorized by the statute the court would have no jurisdiction over the defendant, Hyde v.Richard, 145 Conn. 24, 25-26 (1958); Nelson v. Stop ShopCompanies, Inc., 25 Conn. App. 637, cert. den. 220 Conn. 924
(1991).
In this case, the sheriff went to a facility of the defendant corporation in Groton, Connecticut. The sheriff submitted an affidavit to the effect that he entered the building and inquired of the receptionist as to the person who was in charge. He was directed to Mr. Thomas Quinn's office. Mr. Quinn acknowledged that he was the person in charge and according to the affidavit accepted the papers without objection.
At the hearing on this matter, Mr. Quinn testified. He described himself as the administrator of the Groton facility. An administrator is authorized under the Public Health Code to run the day to day operations of the business. Mr. Quinn described himself as responsible for both the operational and clinical aspects of the Groton facility. Mr. Quinn testified that the principal place of business of the defendant corporation is in New Jersey and that the corporation has only one facility in Connecticut, the one at Groton. Mr. Quinn also testified that he reported to Jonathan Nagel, his vice president, who is located in Massachusetts. He said he, Mr. Quinn, was "the boss of the facility" in Groton and to the question: "Was there anybody above you that could make decisions that day?" (referring to the date of service), Mr. Quinn answered that Mr. Nagel was that person.
Mr. Quinn further testified that on the day service was made he had not been given authorization by the defendant corporation to accept service on its behalf; he still doesn't have that authority today. Also, no procedure had been established whereby Mr. Quinn was to communicate the fact that he had received service to management of the corporation.
The issue here is whether service upon Mr. Quinn was proper CT Page 9081 under § 52-57 (c). The case of Nelson v. Stop Shop Cos.25 Conn. App. 637 (1991) (cert. den.) appears to be the only Connecticut case directly on point. Cases on this question are collected in 17 ALR 3d 625: "Who is general or managing agent of foreign corporation under statute authorizing service of process on such agent." In Nelson the court upheld the dismissal of a personal injury action brought by the defendant corporation which had its principal place of business in Massachusetts and which is described as "a supermarket chain with a number of supermarkets located in the state of Connecticut", id. p. 639. The sheriff tried to serve the corporation by leaving the writ, summons and complaint in the hands of an individual who was "the operation store manager" of one of the defendant's stores in Hamden. The court noted that once a motion to dismiss is filed for lack of personal jurisdiction raising a factual question not determinable from the record the burden is on the plaintiff to present evidence establishing jurisdiction, citing Standard Tallow Corp.v. Jowdy, 190 Conn. 48, 54 (1983).
Nelson noted that our courts have not defined what a "manager" is in the context of the statute. The court referred to the 17 ALR 3d article and said that under § 52-57 (c) the terms "or its general or managing agent or manager" means "a person whose position, rank, duties and responsibilities make it reasonably certain that the corporation will be apprised of service made upon that person", id. P. 642. The Nelson court noted that noevidence was offered by the plaintiff from which the factfinder could determine the duties of the store manager who was served. It is not even clear from the opinion whether, for example, the plaintiff was injured in the store where process was left. Under these circumstances, the court agreed the trial judge could not find the necessary facts — there were none presented — to establish personal jurisdiction.
An early case adopted the Nelson test in holding that whether the individual served can be considered a managing agent must depend on whether his or her rank is of sufficient character to make it reasonably certain that the out of state corporation will get notice of the suit. The court then went on to state: "Whether in any given case the agent in question is a `managing agent' within what we have decided the meaning of that expression to be must depend on the particular facts involved. It is impracticable to lay down a more concrete test of general validity, Roehl v. Texas Co. 291 P. 255 (Cal. 1930). There is thus room for a common sense analysis which is a good place to start CT Page 9082 when issues of fair notice and due process are involved. To focus on the important facts previously noted, in this case Mr. Quinn described himself as the administrator of the corporate facility in this state; he said he ran the facility's day to day operations under the Public Health Act. He described himself as responsible for both the operational and clinical aspects of this Groton facility; he was the "boss", cf Grammenos v. Lemos457 F.2d 1067, 1073 (CA, 1972). He was in contact with the corporate structure since he said he reported to Mr. Nagle, a vice-president of the company who had his office in Massachusetts. The Groton facility was the only facility the corporation operated in our state. Under these circumstances, the responsibilities of Quinn were such and the corporate operation and structure was such that the corporation would, in the normal course, be informed that service had been made on it by leaving it with Mr. Quinn — the manager of its only facility in this state who reported to a corporate vice-president in a situation where the very claim arises out of the plaintiff's business relations with the in-state facility.
Several older cases have held — and their age makes them no less persuasive — that the person in charge of the business of a corporation in a particular locality who manages the operations of the facility of the corporation in the state can receive service of process as a managing agent. Thus in Tuchband v.Chicago A.A. Co. 22 N.E. 360, 361 (NY, 1889), the court said:
 Where a corporation created by the laws of any other state does business in this state, the person who, as its agent, does that business should be considered its managing agent, and more especially should that be so where the foreign corporation has an office or place of business in this state; and when that office is in charge of that person and he there acts for the corporation. He is there doing business for it, and so manages its business. Such person is, in every sense of the words used in the statute, "a managing agent."
Also cf Edwards v. Atlanta West Point Co. 197 F. Sup. 686
(DCNY, 1961), Ord Hardware Co. v. J.I. Case Threshing MachineCo., 110 N.W. 551 (Neb., 1906). The facts presented here differ importantly from those in Nelson — there service was made on a CT Page 9083 store manager in one of numerous stores the corporate defendant had throughout the state.
The corporation set up no procedure as for Quinn to receive and pass on service to corporate officialdom was not established. But that is because the corporation probably expected service would be made on the agent for service appointed pursuant to § 33-922. That, however, does not allow this court to ignore the other statutory authorized method of service under § 52-57 (c) or permit the court to conclude that absent such formal procedural arrangements that the court cannot conclude service in a particular case on a managing agent would not be expected to be received by the corporation. Even taking account of the lack of such procedures the court concludes in this case that it would be expected in the ordinary course that service as made here would come to the notice of the corporation.[1]
The motion to dismiss is denied.
CORRADINO, J.
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 9098