BLACK HILLS BREWING COMPANY, Respondent, v. MIDDLE WEST FIRE INSURANCE COMPANY, Appellant.

(151 N. W. 44.)

(File No. 3610.   Opinion filed February 13, 1915.)

1. **Execution—Mode of Levy—Property Incapable of Manual Delivery—Statute—Local General Insurance Agent, as "Managing Agent."**

Under Code Civ. Proc., Sec. 216, providing that execution of an attachment upon (among other things) property incapable of manual delivery to sheriff, must be made by leaving a certified copy of attachment warrant with (among other persons) the "managing agent" of a corporation, with notice of levy, held, that execution was duly levied upon a claim against an insurance company by serving certified copy of execution, with notice stating that the claim was thereby levied upon, on a general agent of the insurance company, at a particular place, authorized to write risks and issue policies; since a "managing agent" is an agent at the locality of the service, possessing general powers, and of such higher grade or degree of agency as will make it reasonably certain that the corporation, or principal, sought to be served, will be duly notified of the service.

2. **Execution—Mode of Levy—Claim Against Insurance Company— Service on Insurance Commissioner—Non-Applicable Statute.**

Laws 1909, Chapter 210, Sec. 13, requiring foreign insurance companies, in order to transact business in the state, to appoint the Commissioner of Insurance as their attorney upon whom lawful process in actions or proceedings against the company may be served, is not applicable to service of execution, such statute applying only to service of original process, hence it does not require that, in levying upon a claim against an insurance company, a certified copy of the execution, with notice of levy, be served upon such commissioner.

3. **Execution—Amendment of Return—Sale of Claim Against Insurance Company—Liability of Debtor—Right to Rely on Original Return.**

Where notice of levy under execution, upon a claim against an insurance company, was made known to such company prior to settlement by it of such claim, it was liable to the purchaser of such claim, though the sheriff's original return did not show service of a certified copy of execution with notice of levy on the insurance company; and such company was not prejudiced by a subsequent filing of an amended return showing such service; it being the facts constituting the actual levy made, that bound the insurance company, and not mere recitals of a part thereof in the original return.

Appeal from Circuit Court, Lawrence County. Hon WILLIAM G. RICE, Judge.

Action by the Black Hills Brewing Company against the Middle West Fire Insurance Compnay, to recover upon a policy of fire insurance. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

See, also, 34 S. D. 262, 141 N. W. 358.

*Winterer & Ritchie,* and *Stewart & Hodgson,* for Appellant.
*Eben W. Martin,* and *Norman T. Mason,* for Respondent.

(1). Under point one of the opinion, Appellant cited: Mc-
Laughlin v. Alexander, 2 S. D. 232, 49 N. W. 99; Acme Harves-
ter Machine Company v. Hinkley, 23 S. D. 509, 122 N. W. 482;
Ireland v. Adair, 12 N. D. 29, 102 Am. St. Rep. 561, 94 N. W.
766.

Respondent cited: Rev. Code Civ. Proc., Secs. 216, 360, 340;
McLaughlin v. Alexander, 2 S. D. 233; Laws 1909, Ch. 210, Sec.
13; Christiernson v. Mfg. Co., 26 S. D. 524 and 534; Fosmark v.
Fire Association, 23 S. D. 102; Harding v. Norwich Union So-
ciety, 10 S. D. 64; South Bend Company v. Dakota Company, 3
S. D. 205; Vessey v. Commercial Union Assurance Co., 18 S. D.
632-641.

(2) Under point two of the opinion, Appellant. cited: Laws
1909, Ch. 210, Sec. 13.

(3) Under point three of the opinion, Appellant cited: Bar-
nard v. Stevens, 2 Aikens, 429, (Vt.) 16 Am. Dec. 733; Brandon
v. Snows, 2 Stew. (Ala.) 255; Stetsman v. Freeman, 35 Kan.
523, 11 Pac. 431; Boyer v. Lincoln, 3 Ky. L. Rep. 537; Elmore
v. Bell, 2 Rob. (Louisiana) 484; Wood v. Conrad, (S. D.) 50
N. W. 903; Ireland v. Adair, 12 N. D. 29, 94 N. W. 76; Tillman
v. Davis, 28 Ga. 494.; Fry v. Galaspie, 61 Ind. 478; Wood v.
Conrad, (S. D.) 50 N. W. 903; Code Civ. Proc., Sec. 216.

Respondent cited: 18 Enc. Pl. & Prac. 950.

McCOY, P. J.   The Appellant insurance company issued a
fire policy to and in favor of one Giljevich upon a certain build-
ing and contents to the amount of $800; and thereafter, while said
insurance was in force, said building and contents were wholly
destroyed by fire.  Giljevich presented his claim for loss to ap-
pellant and payment thereof was refused.  Giljevich thereafter
commenced an action against appellant to recover for such loss.
Respondent recovered a judgment against Giljevich for an indeb-
tedness owed by Giljevich to it, which judgment was in excess of
the amount of the loss claimed by Giljevich against appellant un-
der said insurance policy.  Under and by virtue of said judgment
respondent caused an execution levy to be made upon the claim
for loss made by Giljevich against appellant.  After the making
of said alleged levy, appellant made a settlement with and paid

to Giljevich a portion of his said claim for loss in full payment of the whole claim.   Thereafter respondent as plaintiff, instituted this action against appellant, as defendant, to recover the amount of the loss sustained by Giljevich under said policy; the respondent claiming, under said execution levy, to have become the owner, and entitled to all the rights of Giljevich in and to said claim for loss, prior to the time of settlement and payment of said claim to Giljevich by appellant.   There was a verdict and judgment in favor of plaintiff for the full amount of said loss and defendant appeals, assigning various errors.

The first question for consideration is the validity and effect of said execution levy on May 26, 1911, being the time when appellant made settlement with Giljevich.   The execution issued on the 21st day of February, 1911, and on the 18th day of April, 1911, the sheriff filed return thereof, omitting detail, substantially as follows:   That said execution came into his hands on the 21st day of February, 1911; that on the 23d day of February, 1911, he served true and correct copies of said execution and notice of levy upon John Giljevich, and posted true and correct copies of said execution and notice of levy on the bulletin board of the courthouse, and served a true and correct copy of said execution and notice upon the attorneys for defendant Giljevich, and published notice of sale of claim for loss by fire held by Giljevich against the Middle West Fire Insurance Company to the amount of $800, upon which suit is now pending; that on the 8th day of April, 1911, said claim for insurance was sold at said execution sale to the Black Hills Brewing Company, and a certificate of sale issued and delivered to said purchaser.   On the 12th day of May, 1913, the said sheriff by order of the court, in which said judgment was rendered, made the following amended return:

"I, Frank Noonan, as sheriff of Lawrence county, South Dakota, in accordance and compliance with an order of this court dated March 4, 1912, do hereby certify and return that in addition to the acts and statements set forth by me in my return filed herein on April 18, 1911, with the execution issued herein on February 21, 1911, I did on February 24, 1911, leave with James L. Curran, a member of the firm of Curran & Curran, at Lead, South Dakota, who were then the general agents at that place of the Middle West Fire Insurance Company, authorized by

it to write risks and issue policies in said company, a certified copy of said execution issued on the judgment rendered herein, together with a notice stating that under and by virtue of said execution I thereby levied upon a claim for loss by fire held by the defendants herein against the Middle West Fire Insurance Company to the amount of $800, upon which suit is now pending in the circuit court of Lawrence county, South Dakota. Dated at . Deadwood, South Dakota, this 12th day of May, 1913."

[1, 2] The appellant contends that said return, as amended, is ineffectual and void on the ground that no legal notice of levy is shown to have been made upon appellant, in that: (1) Service upon James L. Curran, its general agent authorized to write risks and issue policies at Lead, S. D., is not equivalent to service of such notice upon a "managing agent" of appellant; and (2) under section 13, c. 210, Laws of 1909, such service could only be made, if at all, upon the commissioner of insurance, as the only authorized agent of appellant within this state upon whom such service hight legally be made. The statute law of this state permits the levy, under execution, upon things in action such as debts and credits not capable of manual delivery. Code Civ. Pr. §§ 336, 338, 340. Sections 216 and 217, Code Civ. Pr., specifically point out the method of making a levy upon such property incapable of manual delivery. The amended return recites that the notice of levy was served by the sheriff upon the appellant by leaving a certified copy of said execution, together with a notice stating that under and by virtue thereof he thereby levied upon a claim for loss by fire held by the defendant against the Middle West Fire Insurance Company to the amount of $800, upon which suit was then pending, upon James L. Curran, the general agent of appellant, at Lead, S. D., authorized by appellant to write risks and issue policies in said company. Appellant urges that service upon such a "general agent" was not service upon a "managing agent," within the meaning of section 216, Code Civ. Pr. The term "managing agent" seems to be construed to mean an agent at the locality where the service is made, possessing general powers, and of such a higher grade or degree of agency as will make it reasonably certain that the corporation, or principal, sought to be served, will be duly notified of the service. We are of the opinion that said general agent Curran was a "managing agent,"

within the meaning of the statute. Foster v. Lumber Co., 5 S. D. 57, 58 N. W. 9, 23 L. R. A. 490, 49 Am. St. Rep. 859; Christierson v. Mfg. Supply Co., 26 S. D. 519, 128 N. W. 603; Ord Hardware Co. v. Case T. Mach. Co., 77 Neb. 852, 110 N. W. 551, 8 L. R. A. (N. S.) 773; Brown v. C., M. & St. P. Ry. Co., 12 N. D. 61, 95 N. W. 153, 102 Am. St. Rep. 564; Tuchband v. C. & A. Ry., 115 N. Y. 440, 22 N. E. 360; Federal Betterment Co. v. Reeves, 73 Kan. 107, 84 Pac. 560, 4 L. R. A. (N. S.) 460; 1 Mechem on Agency, 980; Clark & Skyles on Agency, § 261. We are also of the view that section 13, Laws of 1909, providing for service of process upon the insurance commission, in actions commenced against an insurance company, has no application in this case as that statute relates solely to the service of original process.

[3] It is further contended by appellant that it should not be bound by the amended return on the ground that, at the time it made settlement with Giljevich, it had the right to rely upon the sheriff's return as it then existed, and that it made such settlement relying upon the conclusiveness of the original return. We are of the view that this contention is not well grounded. It will be observed that the matters and things inserted in the return by the amendment in no manner contradicts or disputes any part of the original return, but only adds thereto the recital of omitted facts which, as a matter of fact, occurred and came into existence as a part of the original levy and which should have been a part of the original return, and which facts the appellant well knew at the time of settlement. On the 6th day of March, 1911, and being long prior to said settlement, the attorneys for appellant in the case of Giljevich v. Middle West Fire Insurance Company wrote the attorneys for respondent as follows:

"Gentlemen: A levy under execution was made in the case of Black Hills Brewing Company v. Giljevich and the claim of Giljevich v. Middle West Fire Insurance Company was levied upon. For your information in this matter, I beg to state that Giljevich's claim against the insurance company is in litigation and has not as yet been determined. However, the writer expects to be in Deadwood some day in the near future and will call on you with reference to the same, so would ask that no further action be taken therein."

While service of notice of levy could not be made upon ap-

pellant by service of notice upon its attorneys still the contents of this letter is a strong circumstance tending to show that appellant had knowledge and notice of the facts recited in the amended return at the time of the settlement. In the natural and ordinary course of event, it was fair to infer that the agent Curran transmitted said notice of levy to appellant, and that appellant thereafter placed the same in the hands of its attorneys, who caused the letter to be written. It was the facts constitututing the levy on the claim for loss, and of which it had notice, that bound the appellant, and not the mere recitals of a part thereof in the original return. We are of the view that the return was properly amended, and that appellant was in no manner prejudiced thereby. If the matters introduced into the return by the amendment could have been and were matters unknown to appellant, then we would have before us a different proposition.

Asignments are made that the court erred in denying appellant's motion for directed verdict, and also that the court erred in rulings on the reception and rejection of evidence, all of which have been carefully examined and considered; and we are of the view that no prejudical or reversible error exists, and that it will serve no useful purpose to further refer thereto.

The judgment and order appealed from are affirmed.