FREDERICK, Appellant, v. NUZUM et al., Respondents.

(160 N. W. 65.)

(File No. 3944.   Opinion filed November 21, 1916.)

**1.   Interpleader—Court Deposit, Depository—Statute.**

Under Code Civ. Proc., Sec. 98, providing that, where money etc., claimed by two persons adversely, or whenever any debt, etc., in the possession of any person may be attached by garnishment, or other process, and rights as to who was entitled thereto are in dispute, and the bailee etc., thereof is unable to determine to whom the same rightfully belongs, etc., he may pay such money to the clerk of the court in which action therefor is pending, **held**, that mortgagors, in an action for foreclosure by assignee of the mortgage, where the mortgage debt is claimed by another, who is made defendant, and who claims under execution against the mortgagee, may so deposit the money; and the fact that the mortgagors, in making such deposit, act under the advice of counsel, is immaterial.

**2.   Fraudulent Conveyances—Mortgagee's Fraudulent Assignment— Whether Debt Subject to Mortgagee Creditor's Levy—Statute.**

Under Civ. Code, Sec. 2417, declaring that one who has fraudulently dispossessed himself of a thing, may be treated as if he still had possession, a colorable assignment of a mortgage without consideration, and made for the purpose of hindering, delaying and defrauding the mortgagor's judgment creditor, leaves the debt evidenced by the mortgage and secured note, subject to levy of execution against the mortgagee.

**3.   Execution—Levy on Debt—Notice of Levy to Debtor, Sufficiency —Party to Foreclosure—Fraudulent Mortgagee Assignor.**

Where a levy under execution against the claim and interest of a mortgagee, who had fraudulently assigned the mortgage with intent to defraud creditors, is made solely by serving notice on the mortgagors, such levy was a legal levy upon the mortgage debt.   **Held**, further, that such mortgage debt may be levied upon and held, although such debt may be evidenced by a negotiable note; it appearing there was no possibility of the note being in the hands of an innocent purchaser; the note in question being past due, and still the property of the original payee, though brought into court by plaintiff in foreclosure, who is found to be the fraudulent possessor thereof. **Held**, further, that such fraudulent assignor is not a necessary party to such foreclosure suit.

**4.   Mortgages—Execution—Interest of Fraudulent Mortgagee Assignor, Validity—Right to Attack Assignment—Lien Under Execution Levy—Levy as Garnishment—Creditor's Bill, Distinguished.**

A levy of execution against the interest of ·a mortgagee, who had fraudulently assigned the mortgage with intent to defraud creditors, made solely ·by notice to the mortgagor, gives the execution creditor sufficient interest in the mortgage debt, to warrant him in attacking the assignment, as against the objection that he who levies execution would not have a specific lien on the note and mortgage; that the levy of the execution gave to the judgment creditor sufficient interest in the debt or proceeds of the note and mortgage to enable her to interpose the defense that she is entitled to subject said proceeds by virtue of and under the levy to payment of her judgment against the assignor, on the ground that the assignment is void as hindering, etc., her as a creditor; that such defense differs from a creditors' bill, which latter requires that a certain showing be made to invoke the aid of equity. ‹ **Held,** further, that such levy, so made, is the means by which the third person is warned not to pay money, etc., in his hands, to the defendant; such procedure of warning by notice is called, and is, garnishment, whether made under execution, attachment, or garnishment process. And this, although such levy does not effect a clear and full lien upon the specific property in the third party's possession, but only such lien as gave him the right to hold the garnishee personally liable therefor.

Appeal from Circuit Court, Beadle County.  Hon. ALVA E. TAYLOR, Judge.

Action by E. E. Frederick, against M. L. Nuzum and others, for foreclosure of a mortgage.  From a judgment against plaintiff, and from an order denying a new trial, plaintiff appeals. Affirmed.

*A. E. Hitchcock,* and *H. A. Rodee,* for Appellant.

*A. W. Wilmarth,* for Respondents, Nuzum.

*Bailey & Voorhees,* for other Respondents.

(1) To point one of the opinion, Appellant cited: 4 Cyc. 569; 20 Cyc. 1022; Association v. Heir, (Neb.) 72 N. W. 588; Sturdevant v. Bohn Sash & Door Co., 78 N. W. 265; Straw v. Jenks, 43 N. W. 941 (Dak. Ter.); Strong v. Brown, (Minn.) 53 N. W. 67.

Respondents Nuzum cited: Code Civ. Proc., Secs. 98, 336.

(3) To point three of the opinion, Appellant cited: 12 Pac. 486; Banning v. Bradford, 21 Minn. 308; 27 Cyc. 1563, citing, Hefner v. Urton, (Cal.).; Kearsing v. Kilian, 18 Cal. 491; Carey v. Kieferdorf, 40 N. Y. Suppl. 941; Hubbard v. Williams, (Minn.) 55 Am. Dec. 66.

(4) To point four of the opinion, Appellant cited: Lovejoy v. Chapin, 115 N. Y. Supp. 947; Holland v. Grote, 193 N. Y. 262, 86 N. E. 30; Bump on Fraudulent Conveyances, Sec. 535; Krolik v. Root, (Mich.) 30 N. W. 339; Noyes v. Brace et al., 8 S. D. 190; Code Civ. Proc., Secs. 339, 338; Powell v. McKechnie, 3 Dak. 319, 19 N. W. 410; McLaughlin v. Alexander, 2 S. D. 226; Swartz v. Thomas, 1 N. W. 830 (Minn.); Sec. 18, Chap. 156, Laws 1909.

Respondents, other than Nuzum, cited: Albert Amundson v. N. J. Folsom, Trustee, 219 Fed. Rep. 122 (C. C. A. 8th Cir.); Probert v. McDonald, Sheriff, 2 S. D. 495; Brown v. Edmonds, 9 S. D. 273; Minneapolis Threshing Machine Company v. Hanrahan, 9 S. D. 520; Noyes v. Brace, 8 S. D. 190; Paulson v. Ward, 58 N. W. 792 (N. D.); Wiltse v. Flack, 87 N. W. 729 (Iowa); Case v. Beauregard, 101 U. S. 688; Alder Goldman Commission Co. v. Williams, 211 Fed. Rep. 530; Feldenheimer v. Tressel, 6 Dak. 265; South Bend Toy Mfg. Company v. P. F. & M. Ins. Company, 4 S. D. 173; F. Meyer B. & S. Company v. C. Shenkberg Co., 11 S. D. 620; McLaughlin v. Alexander, 2 S. D. 266; Secs. 336, 340, 341, Code Civ. Proc.

McCOY, J.    The defendants Nuzums, as mortgagors, in September, 1909, executed and delivered to one Robert Frederick, as mortgagee, a mortgage upon certain lands in Beadle county, to secure the payment of a note for $2,319, and interest. On the 16th day of October, 1911, it is alleged that said note and mortgage were assigned by said Robert Frederick to his son, E. E. Frederick, the plaintiff in this action. Alleging that default existed in the payment of said indebtedness so secured by said mortgage, the plaintiff instituted this action to foreclose said mortgage against said mortgagors, also making Mary E. Nobles, C. O. Bailey, J. H. Voorhees, and H. A. Larsen, as sheriff, defendants as parties claiming some inferior lien or interest in and to said mortgaged real estate. Under issues properly raised by the pleadings as between plaintiff and said mortgagors, and upon the evidence submitted, the trial court, in substance, made the following finding of fact:

That the defendants Nuzums have no interest in this litigation any further than to see that the note and mortgage are paid and satisfied; that they do not question the validity of said note and

mortgage, and are ready and willing to pay the amount due thereon, and have deposited in good faith with the clerk of the circuit court of Beadle county the sum of $2.829 for that purpose; that said sum was so deposited for the reason that said defendants did not know to whom they should lawfully make payment of said sum, inasmuch as E. E. Frederick claims to be the owner of said moneys by reason of a pretended assignment of said note and mortgage; and the defendant Mary E. Nobles, claims to be entitled to said moneys by reason of the garnishee proceedings and levy under execution against Robert Frederick, the original mortgagee.

[1] Judgment was entered, based on this finding, that said mortgage be canceled and satisfied of record. The appellant has assigned as error the insufficiency of the evidence to sustain said finding; as it appeared that said mortgagors were acting under the advice of an attorney, and that said attempted levies under garnishment and execution did not furnish legal cause for appointment of a depository by the court. We are of the opinion that the evidence was amply sufficient to sustain the finding and judgment; that the said mortgagors were clearly within the provisions of section 98, Code of Civil Procedure, authorizing them to make deposit with the clerk of the court in which action was pending relative to the rights of possession or payment of said moneys. Under the circumstances disclosed by this finding this statute itself made and appointed the clerk of the court the proper depository for the moneys without an order of the court appointing such depository, and this regardless of whether or not said mortgagors were acting under advice of counsel. The judgment in favor of said mortgagors decreeing the satisfaction of said note and mortgage of record is therefore affirmed.

The main litigation in this case relates to who is entitled to the proceeds of said note and mortgage on deposit with the clerk. Plaintiff claims the same as assignee of Robert Frederick. Defendant Nobles claims under a judgment against Robert Frederick and garnishment and execution levy upon said proceeds while the same were in the hands of the mortgagors. The court found that a purported assignment of said note and mortgage had been made by Robert Frederick to his son, the plaintiff, on the 16th day of October, 1911, which assignment was withheld from record until

the 16th day of May, 1914. The defendant Nobles contends, and the court so found, that said assignment was merely colorable, and made without consideration, for the fraudulent purpose of hindering, delaying, and defrauding the creditors of Robert Frederick, and particularly the judgment creditor, the defendant Nobles. It appears from the record, and the court so found, that defendant Nobles commenced an action against said Robert Fredrick in the circuit court of Minnehaha county on the 12th day of November, 1910; that on May 19, 1911, judgment was recovered in said action against Robert Fredrick in an amount which, with interest, exceeds the amount on deposit with the clerk as the proceeds of said note and mortgage; that shortly after the entry of said judgment said Robert Frederick transferred to his son, the plaintiff in this case, without consideration, all his property that could have been successfully reached by execution, the said property consisting of cash, capital stock in corporations, and secured notes and mortgages, including the Nuzum note and mortgage, and all amounting to about $45,000. We are of the opinion that the evidence sustains these findings.

[2] One of the maxims of equity is that, "He who has fraudulently dispossessed himself of a thing may be treated as if he still had possession." Civ. Code, § 2417. If, as found by the learned trial court, the assignment from Robert Frederick to plaintiff was merely colorable, without consideration, and made for the purpose of hindering, delaying, and defrauding the defendant Nobles in the collection of said judgment, then such fraud rendered wholly void said assignment, and still left the debt evidenced by said Nuzum note and mortgage the subject of levy under the judgment against Robert Frederick.

There appears to have been garnishee proceedings, under chapter 156, Laws of 1909, in aid of execution instituted soon after the entry of the judgment against Robert Frederick, and garnishee summons and notice served upon said mortgagors, but we are of the view that, if the note sought to be reached was negotiable, then, under section 18 of chapter 156, Laws of 1909, this garnishment process was wholly ineffectual for any purpose and is a matter of surplusage so far as the determination of the questions on this appeal are concerned. The said judgment was filed and docketed in the office of the clerk of the circuit court of

Beadle county on the 24th day of January, 1912; and on the 18th day of June, 1914, execution was issued on said judgment, and on June 19th next following a purported levy was made on the said indebtedness from said mortgagors Nuzums to Robert Frederick; and the following is the substance of the notice of levy served upon said mortgagors under said execution by the sheriff having such execution:

To Robert Frederick, the Defendant, and to M. L. Nuzum and
     Elizabeth Nuzum:

You are hereby notified that under and by virtue of an execution issued in the above-entitled action and now in my hands I have levied upon all the property of every kind belonging to Robert Frederick now in your possession or under your control, including all choses in action or any debt or debts which may be due the said Robert Frederick from you, and particularly the sum of $2,729 due and owing by you to said Robert Frederick secured by a certain mortgage dated September 15, 1909. You are further notified that, while an assignment of said mortgage dated October 16, 1911, from Robert Frederick to E. E. Frederick, was recorded on the 14th day of May, 1914, in the office of register of deeds of Beadle county, that nevertheless the same is merely a pretended assignment made for the purpose of hindering, delaying, and defrauding the creditors of said Robert Frederick, and is null and void as against the plaintiff in said action. You are further notified that the plaintiff Mary Nobles claims that said mortgage and the indebtedness secured thereby is the property of Robert Frederick, and by virtue of said execution I hereby levy upon said indebtednes so due from you to said Robert Frederick, and demand that you return over to me the said $2,729, and that you furnish me with a certificate stating the amount due and owing by you to said Robert Frederick.

Thereafter the said mortgagors delivered to the said sheriff a certificate containing in substance the following:
To the Sheriff of Beadle County:

An execution having been issued and a levy having been made thereunder upon certain moneys in our hands aggregating $2,319, and interest, due on a note and mortgage given by us to Robert Frederick and claimed to have been assigned to E. E. Frederick, and it being claimed by Mary Nobles that said assign-

ment is fraudulent and void, and that both said E. E. Frederick and Mary Nobles are now claiming said indebtedness, and while we are ready and willing to pay said sum, we do not know who is entitled thereto, and therefore do not know to whom to make payment, and we have deposited the amount of said indebtedness with the clerk of the circuit court for the benefit of the person who may be adjudged entitled thereto.

All these matters relating to the fraudulent character of the assignment of the note and mortgage, the recovery of the judgment by defendant Nobles against Robert Frederick, and the issuance of execution and levy thereunder were alleged in the answer of the defendants Nobles, Bailey, Voorhees, and Larsen; the defendants Bailey and Voorhees having filed an attorney's lien against the said judgment in favor of the defendant Nobles.

[3] The appellant contends that no legal levy was ever made upon the proceeds of said note and mortgage; that a lien upon a note and mortgage cannot be obtained by service of notice of levy under execution, by serving the notice upon the maker of the note, without the note itself being taken into possession by the sheriff. Strictly speaking, the levy in question was made upon the debt due from the makers to the payee, Robert Frederick, rather than on the note evidencing such debt. Section 336, Code Civ. Proc., authorizes a levy upon a debt as well as upon a note or credit. The notice of levy under the execution, served upon the mortgagors, the makers, constituted sufficient and legal levy upon the debt, if the debt was one subject to levy. Black Hills Brewing Co. v. Insurance Co., 35 S. D. 130, 151 N. W. 44; Freeman on Executions, § 262 a. We are of the opinion that under statutes like that in this state, and under the circumstances of the case, the debt may be levied upon and held, although such debt may be evidenced by a negotiable note. True, the note may be levied upon where the sheriff can get possession of it, but where he cannot obtain possession of the note, he may levy upon the debt, and such levy will be sustained in cases where, at the time of judgment under which such levy is sought to be enforced, it appears that there was no possibility of the note finding its way into the hands of an innocent purchaser. Hutcheson v. King, 37 Tex. Civ. App. 151, 83 S. W. 215. Under what seems to be the weight of authority a levy cannot be sustained, and the garnishee

maker of the note cannot be required to pay the debt where there is an outstanding negotiable note evidencing such debt that may find its way into the hands of an innocent purchaser. Daniel, Neg. Inst. § 800a. Drake on Attachment, §§ 584 and 597. But where, as under the circumstances of this case, at the time of judgment it appears that the note was past due, and still the property of the original payee, and brought into court by the plaintiff, who is found to be the fraudulent possessor thereof, under circumstances where the original payee will be treated as still having possession thereof, the levy will be sustained. Under the circumstances of this case the possibility could not exist of said note being outstanding and in the hands of an innocent purchaser. At the time findings were made and judgment rendered in this action sustaining said levies the court found circumstances showing that Robert Frederick had fraudulently dispossessed himself of said note by fraudulently assigning the same to plaintiff with intent to defraud the defendant Nobles; that the said Robert Frederick had been a resident of the state of Iowa, and the plaintiff had been a resident of the state of California; that said note had always been either in the possession of said Robert Frederick or the plaintiff; that a very short time prior to the levy under execution the assignment of said note and mortgage to plaintiff was placed on record and plaintiff, as such assignee, caused to be commenced the foreclosure of said mortgage, by advertisement, as the owner of said note, then claiming said note to be past due and unpaid, and on the trial the plaintiff brought said note into court. These facts conclusively show that at the time said levy was made the said note was not in the hands of an innocent purchaser. Under these circumstances we are of the view that the levy on the debt in question was legal and valid.

[4] Appellant further contends that defendant Nobles, not having a specific lien on the note and mortgage in question, was not in a position to attack the transfer thereof from Robert Frederick to plaintiff. We are of the opinion that this contention is not tenable. We are of the view that the levy under the execution gave to said defendant sufficient interest in the debt or proceeds of said note and mortgage to maintain the defense interposed. A levy upon a debt, by serving notice upon the debtor, is a levy upon property incapable of manual delivery, and, whether

the procedure be by attachment, garnishment, or under an execution, all are so analogous in nature and design that the principle or rule as to the effect of the levy is generally the same. It is the means by which a third person is warned not to pay the money or deliver the property of the defendant in his hands to the defendant. This procedure of warning a third party by notice not to deliver property or pay money to the defendant is called, and is, garnishment, whether made under execution, attachment, or garnishment process. Thompson, Pro. Rem. p. 419; Drake, Attachment, § 451. Section 217, Code Civ. Proc., authorizes such procedure under an execution. Such service of notice upon the third party under an execution is an effectual attachment or garnishment of the property or debt in the hands of such third party, differing in no essential respect from any ordinary levy, except that the plaintiff on whose behalf such levy is made does not acquire a clear and full lien upon the specific property in the third party's possession, but only such a lien as gives him the right to hold the garnishee personally liable therefor. From the time of such warning or garnishment the effects in the garnishee's hands are considered in the custody of the law, and the garnishee is bound to keep them in safety. The defendant's rights in the property is so far extinguished as to prevent his making any disposition of it which would interfere with its subjection to the payment of plaintiff's demand, when that shall have been legally perfected. Thompson on Pro. Rem. pp. 419, 420; Drake on Attachment, § 453. Where the levy is made under an execution, as in this case, and the garnishment plaintiff has already perfected and adjudicated his demands, such plaintiff, who has made a valid levy under execution upon a debt in the hands of a third party, stands in like position as one having levied upon tangible property which he has the right to subject to the payment of his judgment. Now, the plaintiff in this case by forcelosure action is seeking to subject the proceeds of the same debt, the same obligation, to the satisfaction of the note and mortgage under an alleged assignment thereof from the execution debtor. The defendant Nobles has interposed the defense that she is entitled to subject the said proceeds, by virtue of and under said levy, to the payment of her judgment against the said assignor of said note and mort-gage, on the ground that said assignment is void for the reason

that the same was made to hinder, delay, and defraud her in the collection of said judgment. The defendant Nobles was brought into this action at the instance of plaintiff and required to show her interest, if any she had, in the subject-matter of the action. Under these circumstances we are of the opinion that the defendant Nobles was in a position to attack the said assignment of said note and mortgage. The said Robert Frederick is not a necessary party to this action. If the note and mortgage transfer to plaintiff was valid, he has no interest in the subject-matter. The transfer being held void, the question of the subjection of the proceeds of the note and mortgage to the payment of the Nobles judgment is a matter to be considered in that action. The defense interposed in this action does not stand on the same footing in all respects as a creditors' bill for discovery or subjection of property to the payment of judgment liens. Under the creditors' bill the plaintiff must make a certain showing in order to invoke the aid of equity, in order to get into the equity court; but in this case the defendant Nobles is brought into this equity case by plaintiff, and attacks the assignment as a matter of defense for the purpose of showing that said Robert Frederick fraudulently dispossessed himself of his interest in said note and mortgage.

All assignments of error have been carefully considered. Finding no error in the record, the judgment and order appealed from are affirmed.