HEIMES, Respondent, v. HEIMES et ux, Appellants

(16 N. W.2d 921.)

(File No. 8729. Opinion filed December 21, 1944.)

**Alan Bogue,** of Vermillion, for Appellants.

**George Kunkle,** of Yankton, and **George E. Ready,** of Hartington, Neb., for Respondent.

RUDOLPH, Judge.

On November 24, 1943, plaintiff recovered judgment against the defendants in the amount of $8,493.71. On the 22nd day of September, 1943, the defendants by bill of sale conveyed to their two sons, Irvin and Harold Heimes, substantially all of the personal property owned by the defendants, which was of the value of $4,800. As payment for the sale and transfer of the personal property the two sons

executed and delivered to their father and mother the following instrument:

> "Vermillion, South Dakota
> "September 22, 1943

"We, the undersigned, makers of this promissory note hereby certify that we have this 22nd day of September, 1943, purchased from Frank Heimes and Antonetta Heimes, our father and mother, certain personal property of the fair market value of $4800.00 and for value received, we hereby promise and agree to pay to said Frank Heimes and Antonetta Heimes, jointly the sum of $75.00 per month from and after September 15, 1943, for and during the term of the natural lives of each of them, which payments take into consideration interest on $4800.00 from this date on at 4% per annum, and the payment of the said $75.00 per month during the term of the natural life of the said Frank Heimes and Antonetta Heimes, shall be complete payment in full for the said personal property so purchased from Frank Heimes and Antonetta Heimes this 22nd day of September, 1943.

> "Irvin A. Heimes
> "Harold L. Heimes."

Thereafter on November 26, 1943, execution issued under plaintiff's judgment and the sheriff proceeded to levy upon certain personal property remaining in the hands of the defendants and also upon indebtedness existing in favor of the defendants from their two sons and represented by the instrument above set out. In this action the defendants are questioning the levy made upon this indebtedness. To support the levy upon the indebtedness the sheriff served upon the defendants and their two sons, Irvin and Harold, the following instrument designated "Levy":

"To Frank Heimes and Mrs. Frank Heimes, Vermillion Clay County S. D.

"This is a levy on an annuity owned by you.

"The annuity is the consideration you list in the bill of sale dated 22 Sept. 1943 whereby you convey to your sons, Irvin A. and Harold L. Heimes certain of your personal property. In such bill of sale (duly filed in the office of Register of Deeds for clay county South Dakota) you say that your sons are to pay you (as consideration for the transfer) seven-

ty-five dollars monthly beginning on 15 September 1943 and continuing for the period of your natural lives.

"By this levy your sons (Irvin A and Harold L Heimes) will hereafter pay the $75 monthly payments not to you, but to the plaintiff William Heimes. By this levy William Heimes steps into your shoes as to the $75 payments to be made from month to month until you die. This levy is made pursuant execution issued; and upon judgment dated 24 November 1943, docketed 26 November following (in above action) for eight thousand four hundred ninety-three dollars and seventy-one cents, damages and cost. Execution dated 26 November 1943.

"It is to make such amount plus accruing costs that the foregoing personal property is levied upon.

"Take notice (Frank Heimes and Mrs. Frank Heimes) the date of such levy is 29 November 1943; and if you fail to claim exemptions within five days thereafter, they will be waived.

"Vermillion S D 29 November 1943.

"Herman P. Nelson

"Sheriff, Clay county, South Dak."

Within proper time the defendants claimed as exempt all of the property levied upon. The plaintiff took proper steps to question the valuations of the property as stated in the claim for exemptions and thereafter appraisers were appointed as provided by law to fix the value of the property upon which the levy was made. In their report the appraisers placed a valuation upon all of the property except the indebtedness represented by the instrument above set out, which the appraisers listed as of "unknown market value". The court upon the motion of the plaintiff and at a hearing at which all parties were represented, heard evidence and as a result of this hearing the following order was entered:

"Ordered, adjudged and decreed that the value of said annuity note or contract (Exhibit 1) be and the same hereby is set at $12,740.51.

"It is further ordered adjudged and decreed that all of the defendants' property listed in their claim of exemptions, except said Exhibit 1, be and the same hereby is set aside and

released from the levy as additional exemptions of defendants. Besides such property, the defendants are entitled to further additional exemptions of $129.25, which amount is a charge upon said annuity note, Exhibit 1. Also a charge upon said annuity note, Exhibit 1 is an attorney lien of defendants' attorney Alan Bogue Esq. of $250.

"It is further ordered adjudged and decreed that except for such attorney lien of $250 and defendants' additional exemptions of $129.25, above, the said Exhibit 1 is unexempt and subject to sale as personal property, under the pending execution and levy. Such annuity note or contract, Exhibit 1, is hereby ordered sold at sheriff's sale forthwith, in the regular manner; provided, however that from the proceeds of such sale there shall first be paid to defendants $129.25 (balance their additional exemptions); next to Alan Bogue Esq. $250 to satisfy his attorney lien; next the costs of sale plus costs to be taxed in this proceeding, any surplus remaining to be applied to the judgment entered in this action. Plaintiff, judgment creditor, is hereby awarded costs in this proceeding, to be taxed in the manner provided by law.

"Vermillion, South Dakota—14 February 1944.
"By the Court:
"C. C. Puckett
_____
"Judge"

Costs taxed on Feb. 28-1944 at 10:00 A. M. in amount $79.16
Albert Bertrand Clerk.

It is from this order of the trial court that the defendants have appealed.

We first consider appellants' contention that the indebtedness existing between the sons and their parents was not subject to levy or sale on execution because of its intangible character. Our statute, SDC 33.1913, expressly provides the method for levy upon various forms of indebtedness. Subdivision (3) of this Code section provides for the levy upon bonds, promissory notes or other instruments for the payment of money which are capable of manual delivery. Subdivision (4) relates to judgments. Subdivision (5) is comprehensive in its scope wherein it provides for a levy up-

on any "demand other than specified" in subdivisions (3) and (4). SDC 33.1911 provides: "All property and interests therein and rights appuratenant thereto, tangible, or intangible, including shares or interests in any corporations, credits, chöses in action, and whether capable of manual delivery or not, belonging to the party against whom the execution was issued, and not exempt by a law may be taken on execution and sold or otherwise applied to the satisfaction of the judgment as provided by law." In view of these broad and inclusive provisions of our law we are of the opinion there can be no question that the indebtedness here involved was of a character properly subject to levy and sale under execution. Acme Harvesting Machine Co. v. Hinkley et al., 23 S.D. 509, 122 N. W. 482, 21 Ann. Cas. 743; Black Hills Brewing Co. v. Middle West Fire Ins. Co., 35 S. D. 130, 151 N. W. 44; Frederick v. Nuzum et al., 38. S. D. 72, 160 N. W. 65, 67.

■ ■ Appellants further contend that no legal levy was made because the sheriff did not take the so-called annuity note into his actual custody. We believe it clear that the levy as made by the sheriff was a levy upon the indebtedness existing between the parties, and not a levy upon the instrument evidencing the indebtedness. Such being the levy, appellants' contention cannot be sustained. In the case of Frederick v. Nuzum, supra, it was expressly held that a debt evidenced by a negotiable promissory note might be levied upon separate and apart from the note. The court said: "True, the note may be levied upon where the sheriff can get possession of it, but where he cannot obtain possession of the note, he may levy upon the debt, and such levy will be sustained in cases where, at the time of judgment under which such levy is sought to be enforced, it appears that there was no possibility of the note finding its way into the hands of an innocent purchaser." The note representing the indebtedness involved in this action was not payable to order or bearer, was not negotiable under the provisions of SDC 46.0106, and there was no possibility of it finding its way into the hands of an innocent purchaser. Under the authority of the cited case, we hold the method of levy sufficient.

■ The order of the trial court ordered the instrument evidencing the debt sold. Such order included not only the instrument but also the indebtedness evidenced thereby. This instrument was produced in court at the time of the hearing on valuations, and the attorney for appellants claimed a $250 lien thereon and the indebtedness represented thereby. The order of the trial court preserved this lien of the attorney by ordering that such lien be paid from the proceeds of the sale. The record discloses that the amount of the lien has been tendered the attorney. Under these circumstances we are of the view that such alleged lien should not defeat the levy. SDC 39.0107 specifically provides that a lien on property transfers no title. It follows that there remains in the owner of property upon which a lien exists a legal interest such as the law will recognize, and which under our comprehensive statutory provisions is subject to levy and sale under execution. Whether the court should in all cases transfer the lien to the proceeds of the sale, or take some other means of preserving the lien, we need not determine in this case. Sufficient to hold is that where the the levy is upon an indebtedness evidenced by a note, and the note itself is finally produced in court, and by the court ordered sold together with the indebtedness levied upon, the lien of an attorney upon such note and indebtedness, when transferred by the court to the proceeds of the sale and the amount thereof tendered to the attorney, will not defeat the levy as made.

■ The appellants next complain about the introduction of certain testimony relating to the value of the annuity. Appellants contend that the witness testifying was an expert and there had been no compliance with Supreme Court Rule adopted September 12, 1942, effective January 1, 1943 (cumulative annotations January 1944, page 55), relating to expert witnesses. The testimony could affect only the appellants' claim for exemptions, and since the trial court awarded appellants, from the proceeds of the sale of the annuity, cash sufficient to make up the full amount of their exemptions, there could be no prejudice to them on account of this testimony. It also appears that the court had sufficient facts be-

fore it to justify its valuation without the testimony of the so-called expert.

The order appealed from is affirmed.
All the Judges concur.