HEIMES et al., Appellants, v. HEIMES et al., Respondents

(24 N. W.2d 335)

(File No. 8847.  Opinion filed October 4, 1946.)

**Alan Bogue,** of Vermillion, for Plaintiffs and Appellants.

**Goerge W. Kunkle,** of Yankton, and **George E. Ready,** of Hartington, Neb., for Defendants and Respondents.

SMITH, J.   This is an appeal by plaintiffs from an adverse judgment in an action in which they sought to have an execution sale of personal property set aside on the principal ground of gross inadequacy of consideration.   The action is a sequel to that of Heimes v. Heimes, 70 S. D. 265, 16 N. W.2d 921.   As the trial court's decree was shaped by the circumstances, a detailed picture of its factual background must be developed.

Prior to November 1943, the defendant above-named, William Heimes, hereinafter called the creditor, brought an action against Frank Heimes and his wife Antonetta Heimes, referred to as the debtors, upon their promissory notes. While that action was pending, the debtors transferred substantially all of their property to their two sons, Irvin A. Heimes and Harold Heimes.   A bill of sale placed of record revealed that the transfer was made in consideration of an agreement by the sons to pay their father and mother seventy-five dollars on the 15th day of each calendar month during their natural lives.   Subsequently judgment was entered in favor of the creditor and against the debtors for $8,493.71.   Pursuant to an execution issued on that judgment, the sheriff of Clay County served upon the parents and sons above-named a notice of levy reading in part as follows:

"This is a levy on an annuity owned by you.

"The annuity is the consideration you list in the bill of sale dated 22 Sept. 1943 whereby you convey to your sons, Irvin A. and Harold L. Heimes certain of your personal property.   In such bill of sale * * * you say that your sons are to pay you (as consideration for the transfer) seventy-five dollars monthly beginning on 15 September 1943 and continuing for the period of your natural lives."

Thereupon, Antonetta Heimes, one of the debtors, filed a claim of exemption wherein she stated that the consideration described in the above-described bill of sale was evidenced by an instrument in writing, and that she claimed

said instrument as exempt from sale on execution. The property claimed as exempt was appraised as provided by SDC 37.4906, 37.4907, and the creditor having questioned the appraisement of the annuity, the claim of exemptions came on for hearing before the court pursuant to SDC 37.4908. In the meantime, Alan Bogue, attorney for the debtors, gave notice that the described annuity contract was in his possession and that he claimed an attorney's lien thereon. The court heard evidence as to the value of the instrument and entered its order reading as follows:

"Ordered, adjudged and decreed that the value of said annuity note or contract (Exhibit 1) be and the same hereby is set at $12,740.51.

"It is further ordered, adjudged and decreed that all of defendants' property listed in their claim of exemptions, except Exhibit 1, be and the same hereby is set aside and released from the levy as additional exemptions of defendants. Besides such property, the defendants are entitled to further additional exemptions of $129.25, which amount is a charge upon said annuity note, Exhibit 1. Also a charge upon said annuity note Exhibit 1 is an attorney lien of defendants' attorney Alan Bogue Esq. of $250.

"It is further ordered, adjudged and decreed that except for such attorney lien of $250 and defendants' additional exemptions of $129.25, above, the said Exhibit 1 is unexempt and subject to sale as personal property, under the pending execution and levy.

"Such an annuity note or contract, Exhibit 1, is hereby ordered sold at sheriff's sale forthwith, in the regular manner; provided, however that from the proceeds of such sale there shall first be paid to defendants $129.25 (balance their additional exemptions); next to Alan Bogue Esq. $250 to satisfy his attorney lien; next the costs of sale plus costs to be taxed in this proceeding, any surplus remaining to be applied to the judgment entered in this action. * * *"

The debtors perfected an appeal from the foregoing order to this court, and the order was affirmed by opinion filed December 21, 1944. Heimes v. Heimes, 70 S. D. 265, 16 N. W.2d 921. However, a stay was not sought in connection

with said appeal, and the sheriff proceeded with an execution sale pursuant to notice as follows:

"This is notice of public sale by sheriff of personal property. Judgment for plaintiff and against defendants was entered in above court on 26 November 1943 for $8,493.-71 damages and costs. Execution issued same day and pursuant Order of above Court dated 14 February 1944, filed following day, certain personal property was Ordered to be sold forthwith to satisfy certain listed charges, including such judgment and accruing costs of $77.16 since taxed.

"Property to be sold is a promissory note in writing by which monthly payments of $75 are to be made during the lifetime of said Frank Heimes and Mrs. Frank Heimes (or either of them) who are 51 and 49 respectively, the first payment to be made 15th day of the month following such sale. Such note is now in possession of one Alan Bogue of Vermillion, S. Dak., and the note is signed by Irvin A. and Harold L. Heimes, children of payees.

"Terms of sale are cash, and said note will be sold on Monday 22 May 1944, ten o'clock forenoon at the front door of the Clay county courthouse, Vermillion, P. O., South Dakota.

The creditor's bid of $500 at the sale was accepted. A report of the sale was made to the court, and a copy thereof was served on attorney for the debtors. The court purported to confirm the sale by written order.

On December 28, 1944, shortly after this court filed its opinion affirming the above-quoted order of sale, the debtors and their sons entered into a contract in writing whereby they cancelled, annulled and set aside the above-described bill of sale and annuity contract.

During the last days of February 1945, the debtor Antonetta Heimes and her son Irvin A. Heimes commenced this action against the creditor and the sheriff of Clay County. By their complaint, at the trial below, and by their assignments and argument here, the plaintiffs assert that the sale must be set aside because, (1) the sheriff sold the promissory note or contract of annuity above-described with-

out having levied thereon and without having the contract in his possession and at the sale as required by SDC 33.2004, and (2) a purchase price of $500 for property of the value of over $12,000 is so grossly inadequate as to shock the juristic conscience of equity.

At the trial the creditor offered to apply all sums received as payment on the annuity directly upon his judgment against the debtors, and to deliver the annuity to the debtors whenever their judgment is paid or settled.

The trial court found that the trial judge in the former proceedings had fixed the value of the annuity contract at $12,740.51; that the property advertised and sold was the indebtedness described in the annuity contract; that the written instrument was not in the possession of the sheriff at the time and place of sale nor was it available at said time and place for the inspection of bidders, but was in the possession of the above-named attorney for the debtors; that in purchasing said property creditor acted in good faith; that since the levy the debtors and their sons had attempted to cancel and rescind the annuity contract in writing; and that the creditor "has entered upon the record an offer and pledge that when sufficient funds have been collected under the annuity contract to satisfy the amount of his judgment and accumulated costs, that he will waive the right to further payments under such agreement" and entered judgment approving and allowing the above-quoted offer of the creditor and dismissing plaintiffs' complaint.

In making their first contention, the plaintiffs insist that the trial court erred in finding that the sheriff sold the indebtedness evidenced by the annuity contract for the reason that the notice of sale and the report of the sale show that it was the promissory note or annuity contract which was in fact sold, and that such sale was ineffective to pass title because the sheriff failed to levy upon the note, and did not have the note in his possession and available for the inspection of bidders at the sale as required by SDC 33.2004.

We think we need only concern ourselves with the validity of the finding and conclusion that the indebtedness evidenced by the annuity contract was sold at the

execution sale. The trial court did not hold that title had been transferred to the contract as distinguished from the indebtedness evidenced by that instrument. In Heimes v. Heimes, supra, upon authority of Frederick v. Nuzum et al., 38 S. D. 72, 160 N. W. 65, we held that by force of the above-quoted notice of levy a valid levy was made upon the indebtedness evidenced by the annuity contract, notwithstanding the fact that the sheriff did not take possession of the written contract, and that intangible property of the described character is subject to sale on execution. Implicit in that pronouncement is a holding that the presence of the written instrument evidencing the indebtedness is not a prerequisite to the validity of such an execution sale. That much is settled by our former opinion.

It is true that the notice of sale and the proceedings at the sale described the promissory note or annuity contract. However, the words employed in the notice and in the statements of the sheriff embraced not only the physical instrument, but the indebtedness evidenced thereby. In our opinion, an offer to sell such an instrument would commonly be understood as comprehending the indebtedness evidenced thereby. We hold that the trial court did not err in its finding and conclusion that the indebtedness was sold at the execution sale.

The remaining contention is that the consideration ($500) for which the indebtedness was struck off at the execution sale was so grossly inadequate as to shock the conscience of equity and thus to impel a conclusion that the sale should be set aside. Two legal assumptions are involved in this contention, viz., First, that unaided by any other consideration a court should set aside an execution sale if the purchase price received is so grossly inadequate as to shock the conscience of equity (see Kinkaid v. Rossa, 31 S. D. 559, 141 N. W. 969, Ann. Cas. 1915D, 1098; Lockhart v. Ruden, 62 S. D. 1, 250 N. W. 349; and Stacy v. Smith, 9 S. D. 137, 68 N. W. 198); and second, that as between Antonetta Heimes, one of the debtors, and the defendant creditor, who were parties to the former proceedings, the order entered therein is res judicata as to the value ($12,740.-

51) of the annuity contract and indebtedness. See Keith v. Willers Truck Service, 64 S. D. 274, 266 N. W. 256, 104 A. L. R. 1471; First National Bank & Trust Co. v. Kirby, 62 S. D. 489, 253 N. W. 616; and and Weber et al. v. Tschetter et al., 1 S..D. 205, 46 N. W. 201; Annotation at 133 A. L. R. 840; and Comment Note, 142 A. L. R. 1243.

██ We reserve our opinion on the assumed points of law for another occasion. To assume that both positions are well taken does not establish the right of plaintiff to a reversal. The judgment below, as we interpret it, charges the defendant with the duty and obligation to credit any sums received on the indebtedness described in the annuity contract on the judgment debt of Antonetta and Frank Heimes, and to deliver up to them the annuity indebtedness whenever the described judgment debt is settled or paid. As we indicated at the outset, it seems obvious that the decree of the trial court was shaped by the circumstances with which it was confronted. Its duty was to satisfy the juristic conscience of equity. It could withhold the complete relief to which plaintiffs were otherwise entitled, and accept the offer of defendant to give in its stead such substituted relief as, under the circumstances of the case, would satisfy equity and good conscience. Central Kentucky Natural Gas Co. v. Railroad Commission of Kentucky, 290 U. S. 264, 54 S. Ct. 154, 78 L. Ed. 307; 30 C. J. S. Equity, § 602, p. 994. In view of the contract of recission above-described, it is apparent that to have set the sale aside, and thus to have destroyed defendants' levy, would have added to the difficulty defendants had experienced in forcing an application of the property of the debtors on their judgment debt. The decree entered protects both parties, and measures out exact justice. It should be affimed. Cf. Combes v. Hoffman, Ch., 87 N. J. Eq. 148, 99 A. 607.

The judgment of the trial court is affirmed.

WOHLHETER, Circuit Judge, sitting for POLLEY, J. All the Judges concur.